Pee Curiam:
This is a suit against the United States for alleged “taking and use” of plaintiff’s two valve inven *647 tions covered by U.S. Patents No. 2,520,364 and No. 2,617,621, and for alleged restriction of the rights of plaintiff under these two patents pursuant to section 11 of the Atomic Energy Act of 1946 (60 Stat. 755). Jurisdiction of this court is invoked under section 13 (a) of the Atomic Energy Act of 1946 and 28 U.S.C. §§ 1491 and 1498. The case is before us on defendant’s motion to dismiss the petition for lack of jurisdiction.
The following facts appear from the record and may be taken as true for the purposes of this motion. Plaintiff invented two valve constructions for which he received the two patents mentioned above, issued in 1950 and 1952, respectively. He alleges that defendant used these inventions in the production of fissionable material. On October 9, 1956, plaintiff filed a claim with the Atomic Energy Commission for just compensation for the “taking and use” of plaintiff’s inventions, and for the restriction of plaintiff’s patent rights. The Patent Compensation Board of the Atomic Energy Commission denied plaintiff’s claim by an order dated February 18, 1963. Thereafter, plaintiff filed its petition in this court on August 29, 1963. As a precautionary measure, in case section 189 of the Atomic Energy Act of 1954 (68 Stat. 919) should control as to procedure, plaintiff filed a petition to review the AEC order in the Fifth Circuit Court of Appeals on August 30, 1963; which petition is still pending in that court.
Defendant has shown, and plaintiff does not deny, that the petition pending in the Fifth Circuit Court of Appeals pertains to the same claim as the petition in this court. The Government, therefore, moves to dismiss the petition for lack of jurisdiction on the basis, inter alia, of the provisions of 28 U.S.C. § 1500.
Section 1500 of Title 28, United States Code, provides in pertinent part:
The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States * * *.
According to the undisputed facts disclosed by the pleadings, the terms of this statute clearly deprive this court of jurisdic *648 tion. Counsel for the Government stated during oral argument that defendant is ready to proceed with the case pending in the Fifth Circuit. In these circumstances, we grant the Government’s motion to dismiss.
The defendant’s motion is granted, and plaintiff’s petition is dismissed without prejudice.